Ehrlich, J.
Plaintiff (pleading in person) alleges in his amended complaint that defendants, at all times mentioned therein, were and are the Board of Civil Service Commissioners for the City of New York, whose statutory duty requires them to examine and certify for appointment candidates for office, giving to each such preference as he may be entitled to for proficiency, and as an honorably discharged soldier. That about October 1st, 1885, plaintiff was so examined for the position of “ watchman,” and passed examination at a percentage of 96.75, and his name was thereupon placed on the list of eligible candidates ; that plaintiff was a soldier in the military service of the United States during the Rebellion, and was honorably discharged therefrom, whereby he claimed and was entitled to such preference in such certification and appointment.
Plaintiff further avers that during each of the twelve months last past he has called upon the secretaries, Woodman and Phillips, and Clerk Monheimer, of said board, and demanded that his name be sent to any of the departments where there was a vacancy, and was always told there was no vacancy, when, in truth, there were vacancies. And further, on information *905 and belief, that vacant positions to which by virtue of his rank on examination and his military service plaintiff was entitled, had been filled contrary to the statute ; that “ by reason of said malfeasance and nonfeasance of defendants,” he has suffered damage in the sum of two thousand dollars, for which sum he prays judgment. •
The question comes before the court upon defendant’s demurrer for insufficiency.
The complaint alleges substantially that it was the duty of defendants to certify plaintiff’s rank for appointment, and that defendants did so. It does not charge against defendants that they refused or neglected to appoint him to any vacancy, or that they had power to do so, nor does the complaint set forth any facts showing that defendants omitted to do any act commanded, or performed any act forbidden by statute, or that in any particular they failed in any duty toward plaintiff.
The terms “ malfeasance ” and “ non-feasance,” as applied to defendants, have no legal value in themselves, being unsupported by facts alleged, they must be treated as merely expressing the conclusion or opinion of the pleader'.
It is not here determined that if any officer or party connected with the civil service commission has refused to make, or has prevented the appointment of plaintiff, contrary to the terms or true intent of the statute, the plaintiff is without remedy for any damage sustained thereby.
Any violation of law whereby an injury is suffered is a wrong. For every legal wrong there must be a legal remedy. If no precedent or form for granting redress is in existence, it is the right and duty of the court to create one, in order that justice shall not fail.
It is true that plaintiff has no vested right to an appointment, but he has a legal right to such privilege and preference as the statute confers upon him, of which right no one may lawfully deprive him.
The facts alleged, however, fail to show that defendants are in anywise answerable for any failure of plaintiff to secure the benefit of the statute.
The facts alleged as to the honorable military service of the plaintiff, and his high rank upon a competitive examination, entitle him to the sympathy, respect and good wishes of the court, and of all right-minded citizens, but the established principles of law must govern alike in all cases.
The demurrer must be sustained.